(Decided 13th June, 1871.)

---

## BUCKLER JONES *vs.* JOSEPH ADLER.

### *Commissions of a Property broker.*

Where a broker is employed to procure a purchaser for a house, and through his agency negotiations are begun, and a sale is finally effected, he may recover his commissions from the party at whose instance and request the services were rendered, whether he held the legal title of the property *beneficially*, or in trust for his wife.

Where by a special contract, a broker is not to be paid commissions unless he sells the property at a stipulated price, the sale by him at such a price is a *condition precedent* to his right to compensation, unless pending the negotiations and whilst his agency remains unrevoked, the owner consents to a sale at a different price.

If a broker introduces the purchaser or discloses his name to the seller, and through such introduction or disclosure negotiations are begun and the sale of the property is effected, the broker is entitled to his commissions, although, in point of fact, the sale may have been made by the owner.

Where property is sold at a particular price with the consent of the owner, the broker who effected the sale is entitled to his commissions, although he may not have been requested by the owner to sell at that price, under an agreement to pay commissions.

APPEAL from the Superior Court of Baltimore City.

This was an action of *assumpsit* brought by the appellee, a property agent or broker, to recover from the appellant commissions for services rendered in procuring a purchaser for a certain house in the city of Baltimore. The pleas were, never indebted as alleged, and did not promise as alleged.

*Exception:* The plaintiff asked the following instruction :

If the jury find from the evidence that the defendant employed the plaintiff to procure a purchaser for the property spoken of by the witness, and the plaintiff did procure a purchaser for said property, and the said property was sold by the defendant to a purchaser, procured by the plaintiff, then the plaintiff is entitled to recover such compensation as they may find usual and customary.

The defendant offered the following prayers :

1. That the plaintiff is not entitled to recover commissions for the sale of the property, inasmuch as the proof in the case shows the title to the property was in Mrs. Priscilla A. Jones, and the same was sold by her to Dr. Erich.

2. That the jury shall find their verdict for the defendant, unless they shall believe from the evidence that the defendant employed and solicited the services of the plaintiff to sell said property for $14,000; and that the plaintiff sold the property at the price agreed on between him and the defendant.

3. That if the jury shall believe from the evidence, that the property at the corner of Broadway and Gough street, sold by Mrs. Priscilla A. Jones, and her husband, the defendant, to Dr. Erich was not sold by the plaintiff in this case as broker, at the request of the defendant for $14,000, to Dr. Erich, under an agreement for commissions to be paid by the defendant to the plaintiff, then he is not entitled to recover in the present suit.

4. That if the jury believe from the evidence that the broker, Bucksbaum, was the person first to communicate to the defendant that Dr. Erich wished to buy the property in question, and that in consequence of such information, nego-

tiations were opened between Dr. Erich and the defendant, which were finally consummated at the house of Mr. Myers, with Mrs. Priscilla A. Jones, and that she sold the property to Dr. Erich, then the plaintiff is not entitled to recover in the present action.

The Court granted the plaintiff's prayer, and rejected the prayers of the defendant. To this ruling of the Court the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*John H. Ing*, for the appellant.

*Thales A. Linthicum*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This suit was brought by the appellee to recover broker's commissions from the appellant, for the sale of certain property situate in the city of Baltimore.

At the trial below, the appellee offered evidence tending to prove that he was employed by the appellant to sell the property in question, and that through his agency negotiations were begun, and the sale finally effected. Whatever may have been the conflict in the testimony, if the jury believed these facts, the appellee was entitled to his commissions; and his services being rendered at the instance and by the request of the appellant, the personal liability of the latter was wholly unaffected by the question, as to whether he held the legal title of the property *beneficially*, or in trust for his wife. The Court was right therefore in granting the appellee's first prayer, and in rejecting the appellant's.

By the second prayer of the appellant, the plaintiff's right to recover was based upon the finding by the jury of a *special contract* to sell the house at *fourteen thousand* dollars, and that

it was sold at such price. Where there is a special contract, by the terms of which the broker is not to be paid commissions unless he sells the property at a specified price, the sale by him at such a price is a *condition precedent* to his right to compensation, unless pending the negotiations, and whilst his agency remains unrevoked, the owner consents to a sale for a sum other than originally agreed upon. In this case then, although by the terms of the original contract, the appellee was not to receive commissions unless he sold the house for *sixteen thousand* dollars, yet, if pending the negotiations, the appellant and his wife agreed to take *fourteen thousand* dollars, and the sale was made through the agency of the appellee at that price he would undoubtedly be entitled to commissions.

The third, like the second prayer, is erroneous in assuming the appellee could not recover, unless the jury found a special agreement to pay commissions, in case the appellee sold the house to Dr. Erich for $14,000, and the request of the appellant to make such sale. It is well settled, if the agent introduces or discloses the name of the purchaser, and such introduction or disclosure is the foundation upon which negotiations are begun and the sale effected, he will be entitled to commissions, and this too although in point of fact the sale may have been made by the owner. In other words, he cannot avail himself of the services, and by making a sale through information derived from the agent, deprive the latter of his commissions. *Keener vs. Harrod & Brooke*, 2 *Md.*, 63; *Beall vs. Creswell*, 3 *Md.*, 196.

If, therefore, the appellee sold the house to Dr. Erich for $14,000, with the consent of the appellant, the former was entitled to recover in this action although he may not have been requested by the appellant to sell at that price, under an agreement to pay commissions.

In regard to the fourth prayer, we find no evidence in the record to support it, and the Court was right in refusing to grant it. Whatever may have been the prior agency of the

witness Bucksbaum, in regard to the sale of the property, and his offer of it to Dr. Erich, he admits that his agency had ceased before the sale of the same by the appellee, and there is no evidence tending to show that the offer of the property by Bucksbaum, was the foundation of negotiations, or contributed in any manner towards making the sale. On the contrary, Dr. Erich, the purchaser, says, "the sale was concluded through the appellee."

Finding no error in the rulings below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 14th June, 1871.)