## ADOLPH H. UPHOFF

### v.

## BARTON A. ULRICH ET AL.

1. REAL ESTATE BROKER—COMMISSIONS.—Appellees sued appellant for commissions, on the usual terms, for effecting a sale or exchange of real estate. The evidence showed that whatever negotiations in regard to the sale that were brought about through appellee's agency, failed; a sale was not effected and appellees were notified that appellant's offer was withdrawn. Having failed to accomplish the sale according to their undertaking, appellees were not entitled to any commissions.

2. SUBSEQUENT SALE THROUGH OTHER MEANS.—The parties to the negotiation were subsequently brought together through other influences, and a trade was consummated on the basis originally proposed; but appellant's acceptance, after revocation of the agency, of an offer made during its continuance, would not subject him to liability to appellees for commissions, the revocation having been made in good faith, with no intention of a renewal of the negotiations.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. FRANK J. CRAWFORD, for appellant; contending that there was no employment of appellees, and none can be implied from the facts in the case, cited Atwater v. Lockwood, 39 Conn. 45; McDonald v. Lord, 26 How. Pr. 404; Carman v. Beach, 63 N. Y. 97; Wharton on Agency, § 330.

Not effecting an exchange upon the terms proposed, appellees are not entitled to commissions: Coleman's Ex'rs v. Meade, 5 Cent. Law Jour. 409; McGavock v. Woodlief, 20 How. 221; Barnard v. Monnot, 42 N. Y. 204; McClave v. Paine, 49 N. Y. 561; Carter v. Webster, 79 Ill. 435.

The transaction must be completed before commissions are earned: Wharton on Agency, § 325; Simpson et al. v. Lamb, 84 E. C. L. 603; Fraser v. Wyckoff, 63 N. Y. 448; Lawrence v. Atwood, 1 Bradwell, 217; Short v. Millard, 68 Ill. 292; Baxter v. Lamont, 60 Ill. 237; Hoyt v. Shipherd et al. 70 Ill. 309; Moss v. Burling et al. 31 N. Y. 462.

Mr. GEO. H. LEONARD, for appellees; argued that it being through the instrumentality of appellees that the parties were brought together and negotiations begun, they are entitled to commissions, though appellant afterward made the exchange himself; and cited Carter v. Webster, 79 Ill. 453; McGovern v. Wooley, 20 So. Car. 22; Lane v. Albright, 49 Ind. 275; Clendenon v. Pancost, 75 Penn. 213; Rees v. Spruance, 45 Ill. 308; Short v. Millard, 68 Ill. 292; Jones v. Adler, 34 Mo. 440; Woods v. Stephens, 46 Mo. 555; Barnard v. Monnot, 6 Am. Law Reg. 209; Coleman's Ex'rs v. Meade, 5 Cent. Law Jour. 409.

Appellees were appellant's brokers; they were not agents: Saladin v. Mitchell, 45 Ill. 79.

PLEASANTS, J. Appellees, who were brokers, recovered a judgment against appellant in *assumpsit* for two hundred and fifty dollars as their commissions upon an exchange of his property.

The contract, as stated in the special count, was that he employed them " to procure some person ready, able and willing to purchase" certain real estate which he claimed to own and control, upon an agreement to pay them for their services so much as was customary; that is, that he employed them, generally, to procure a sale upon the usual commissions.

The evidence shows that if he employed them at all, it was only to procure a particular exchange. Casually meeting Ulrich in the street, he told him that having made a certain sale, he was now looking for a good investment; that he wanted to get it in business property, and would put in, together with some money, his farm in Northfield or a house and lot on Third Avenue, or both; but it is not pretended that any contract was then entered into. Some days afterwards, upon their written and repeated request, he called at their office, and being there shown descriptions of several pieces of property which they had in hand for sale or exchange, he expressed a preference for that of one Matthews, situate on Clark street, and left an offer for it of said farm and the house and lot, subject to an encumbrance of four thousand dollars. No other disposition of them was proposed or authorized by him.

Thus his attitude seems to have been that of a purchaser, making an offer to appellees as the brokers of Matthews, rather than of a seller, as represented by the declaration. Nothing was said about commissions, and upon the whole evidence it may well be doubted whether either he or they then understood that he was employing them as his agents. But if he was, it was only to submit to Matthews the specific offer stated and procure its acceptance—a contract which we think substantially variant from the one so alleged.

The declaration, however, contained the common counts also, and upon them the judgment might be supported, if it had been shown that the contract, although different from that set forth in the special count, had been on the part of appellees fully performed.

On this subject the undisputed proof is that Matthews refused the offer so made, and in turn proposed to exchange if appellant would remove the incumbrance on his Third Avenue property, which the latter also refused; that several interviews were had between the parties, and the negotiation was continued during a period of some two months, until about Christmas, when it appeared that neither would make any concession and the effort to effect a trade was abandoned. Appellant notified appellees that he withdrew his offer, and Matthews put his property into the hands of other brokers. Upon this state of facts appellees could not recover under the common counts. Their undertaking, if any, was to procure an agreement by Matthews for an exchange upon the terms offered by appellant, or upon some other terms acceptable to him; and having failed to accomplish it, according to all the authorities, they earned no commissions.

But it further appears that a month or six weeks later the parties were again brought together under other influences, and on the 19th of February the trade was consummated upon the terms first proposed by Matthews; and it is contended that appellant's acceptance, after revocation of the agency, of an offer made during its continuance, subjects him to liability for commissions.

None of the authorities cited are found to hold so broad a proposition, and upon principle we think the question of

liability would turn upon the good or bad faith of the previous refusal and revocation.

Beach v. Cresswell, 3 Md. 196, not cited by counsel, is more nearly in point than any other case we have seen. There the plaintiff, having been employed by the trustee of certain property to procure a purchaser at ten thousand dollars, found and reported a party who said he might take it if he could barter bank stock for it. This was done with the knowledge and approval of the defendant, who was one of the *cestuis que trust*. Afterwards she purchased the interest of the others and acquired the legal title. Thereupon the plaintiff was notified of the revocation of his power. She then sold to the party so found, for the price stated, in cash, and plaintiff brought the suit for his commissions; but he disclaimed bad faith on the part of the defendant, and for that reason it was held that he could not recover.

We are inclined to hold that appellant's acceptance, after revocation of appellee's authority, of an offer which he had refused before it, is not of itself evidence of bad faith, and if it is, that it is clearly outweighed by the positive testimony of appellant and of Matthews that when the negotiation under appellees ended neither of them intended or expected to renew it.

In our opinion, then, the plaintiff failed to make a case under either of the counts. The judgment of the Circuit Court is therefore reversed and the cause remanded.

Reversed and remanded.