## CLAPP v. FORSTER ET AL.

1. **Gift of Real Estate:** ORAL RESERVATION OF EASEMENT: CONVEYANCE WITHOUT RESERVATION: SUBSEQUENT RECONVEYANCE OF EASEMENT: CONSIDERATION FOR RECONVEYANCE: EVIDENCE. A father gave to his children certain real estate, orally reserving an easement, but he conveyed it by deeds of warranty without reserving the easement. Some years afterwards the children conveyed back the easement. *Held* that the conveyance and the reconveyance were together the written expression of the original agreement, and that the reconveyance was no less binding because made at a later date, and that, to show the consideration for it, parol testimony of the original agreement was competent.

*Appeal from Polk Circuit Court.*

SATURDAY, SEPTEMBER 26.

THIS is an action in equity by which the plaintiff seeks to enjoin the defendants from erecting any building or other structures upon certain parts of two lots in the city of Des Moines. There was a trial to the court, and a decree for the plaintiff. The defendants appeal.

*Phillips & Day* and *Macy & Sweeney*, for appellants.

*Mitchell & Dudley* and *Nourse & Kauffman*, for appellee.

ROTHROCK, J.—In the year 1869 the plaintiff was the owner of lots 7 and 8, in block 14, in the city of Des Moines. These lots are the quarter of the block, and are bounded on the north by Walnut street, on the east by Fifth street, and on the west and south by alleys. In the year 1871 the plaintiff was about to erect a block of buildings upon the east end of said lots, with a frontage of forty-eight feet on Walnut street, and extending south and along Fifth street to the alley. He was then a widower and about to be married, and before that event he desired to make certain gifts to his children. He had three daughters, one of whom had married A. M. Forster, one of the defendants herein. In pursuance of this design, he conveyed to his daughter Mrs. Forster the twenty-two feet in width of said lots next to the forty-eight feet on which he purposed erecting his block of buildings. To another daughter he conveyed the next twenty-two feet, and to the other the next twenty-two feet. These conveyances were all made by deeds, with covenants of general warranty, without any reservation. Before making the conveyances, however, he called his family together, and explained to them how he intended to improve the east forty-eight feet of the lots, and it was agreed and fully understood by Mrs. Forster and the other daughters that they should not erect any buildings or structures on the parts of the lots conveyed to them which would extend more than eighty feet south from Walnut street, and that the balance of the parts of lots so conveyed should remain open as an area or court; that it was agreed that an area or court of sixty-six feet east and west, by forty-eight feet north and south, should remain open, and not be built upon by Mrs. Forster and the other daughters. The plaintiff proceeded to erect his block of buildings of the dimensions above described. The defendant Forster, at the same time, and using a common partition wall, erected a building on the twenty-two feet conveyed to his wife. His building was twenty-two feet front on Walnut street, and eighty feet deep. The plaintiff, in erecting his

block, made an area to his basement which extended into the twenty-two feet which he had conveyed to his daughter Mrs. Forster, and back of the eighty feet occupied by Forster's building. He put windows and openings in his block opposite the vacant part of the lots conveyed to his children. He had access to the basement of his building through and over the said area, and by way of which he supplies his steam heater in the basement with fuel. In 1874 the daughters of the plaintiff executed and delivered to him the following instrument in writing, which was duly acknowledged and recorded:

"This article of indenture, made and entered into by and between Ida Clapp, Ella White and W. L. White, her husband, Helen M. Forster and A. M. Forster, her husband, and E. R. Clapp, all of the city of Des Moines, Iowa:

"Witnesses, that whereas, said E. R. Clapp did, on or about the fifteenth day of April, A. D. 1871, in consideration of love and affection for his daughters, Ida Clapp, Ella White and Helen M. Forster, execute to each a deed for certain premises situated in Polk county, Iowa, to-wit: To said Ida Clapp the east half ($\frac{1}{2}$) of west fourty-four (44) feet of lots seven (7) and eight (8) in block fourteen (14) in the original town of Fort Des Moines, now included in the corporate limits of the city of Des Moines, Iowa; to said Ella White the east one-third ($\frac{1}{3}$) of the west sixty-six (66) feet of the lots and block above described; to said Helen M. Forster the west twenty-two (22) feet of the east sixty-six (66) feet of the lots and blocks above described; thereby intending said above described premises as a gift to each of the said daughters, as hereinbefore set out. And whereas, upon the north eighty-four (84) feet of each of the above described premises a brick building has been erected, leaving thereby the south forty-eight (48) feet of each of the above described portions of the said lots vacant and unoccupied, and said unoccupied portions of said premises making and constituting an area sixty-six (66) by forty-eight (48) feet in the rear of said buildings, upon the south side of said lot seven, (7,) and whereas,

it is for the mutual benefit of each of the parties named herein that said area should be and remain open and unoccupied for the purpose of providing said buildings with light and air, and for the convenient and comfortable use thereof:

"Therefore, know all men by these presents, that we, Ida Clapp and Ella White and W. L. White, her husband, Helen M. Forster and A. M. Forster, her husband, in consideration of the gift heretofore made by the said E. R. Clapp, and the further consideration of the mutual benefit, use and accommodation to the owners and occupants of the hereinbefore described buildings, do hereby covenant and agree with the said E. R. Clapp, and with each other, and we do hereby bind. ourselves, our heirs, executors and assigns firmly by these presents, upon a penalty of a forfeiture of all our rights, and the rights of each of us, in and to the premises hereinbefore described, by reason of the gift of said E. R. Clapp, in case of a violation of this agreement, and the same shall at once revert to the said E. R. Clapp, to preserve and maintain free and clear of all obstructions or buildings, or by any extension of those hereinbefore described, upon the vacant portions of said lot seven, (7,) the area in the rear of said buildings, except upon a written consent of all the parties hereto first had and obtained.

"Witness our hands, etc., July 31, 1874.

[Signed]                    "Ida Clapp,
                            "Mrs. Ella White,
                            "W. L. White,
                            "Mrs. Helen M. Forster,
                            "A. M. Forster.

Sometime after the execution of this instrument Helen M. Forster died intestate, and A. M. Forster, as her surviving husband, inherited one-third of her property, and E. M. Forster, his only child, inherited two-thirds. In 1883 the plaintiff's block and the building owned by the defendants were nearly destroyed by fire, and they were rebuilt. Some disagreement arose between the parties as to the openings

between the buildings, and some changes were made not necessary to be stated here. The plaintiff, however, reconstructed his block, so far as it adjoined the area, with an entrance to his basement as before, and with windows looking out upon the area, and from which the rear part of his block is lighted. Forster commenced an excavation for a building which would close up the area adjoining plaintiff's block, and this action is to enjoin the defendants from in any manner interfering with or obstructing said area.

The main question in the case, and, indeed, the question which we think is decisive of the rights of the parties, is whether the written instrument executed to the plaintiff by his daughters in 1874 was and is binding upon them; and we will dispose of that question without much elaboration, because, in our opinion, it is plain and easy of solution. Some question is made to the effect that the plaintiff did not sign the instrument, and that he is not properly a party thereto. It seems to us that a mere reading of the instrument is a sufficient refutation of this claim. The agreement is an express covenant with the plaintiff that the area shall remain vacant and unoccupied. There is no more necessity that plaintiff should have signed it than that he should have signed a deed if his daughters had conveyed the lots to him. It is further claimed that the instrument is void for want of a consideration, and that the parol agreement made before the deeds were executed cannot be shown to contradict the deeds or to ingraft thereon reservations not contained therein. This would probably be correct if it were not for the writing executed by the grantees in the deeds. It is this writing which creates the reservation. Suppose that the deeds and this instrument in writing had been made and delivered at the same time; there would be no question about the consideration. They would be but parts of the same transaction. What difference does it make in the rights of the parties if one is made three or four years after the other? We cannot see that the rights of the parties are other and

different if the two instruments are shown to be parts of the same transaction. The parol evidence was competent for the purpose of showing that the conveyance back of the easement was in pursuance of a previous arrangement between the parties, and therefore a part of the one transaction, which was the gift of property from a father to his children.

We think the decree of the circuit court should be

AFFIRMED.