## NEWPORT.

### E. Truman Peckham vs. Elizabeth K. Ashhurst.

A broker employed to sell real estate who produces a purchaser able and willing to purchase on terms satisfactory to .the seller is entitled to his commission, although the sale is finally consummated through the instrumentality of another person.

The plaintiff, who was employed as a broker to sell a parcel of real estate for the defendant, obtained from B. an offer for the land which was declined by the defendant. Subsequently the defendant informed the plaintiff that she would accept B.'s offer, which the plaintiff communicated to B., who thereupon renewed negotiations with the defendant through a person other than the plaintiff, which resulted in a sale of the land to B.

*Held*, that the plaintiff was the effective agent in bringing about the sale of the land, and was, therefore, entitled to his commission, although the contract was finally concluded through another person, to whom the defendant paid a commission.

*Held*, further, that the fact that there was a misunderstanding between the plaintiff and B. as to the amount of the latter's offer for the land was immaterial.

DEFENDANT'S petition for a new trial.

Assumpsit for services rendered as a broker in the sale of real estate.

*Providence, October* 9, 1893. PER CURIAM. The Court is of the opinion that there is sufficient evidence to support the verdict.

It appears from the testimony of the plaintiff, which, in view of the verdict, for the purpose of the present proceeding, is to be regarded as true, that during the summer of 1888, he, as broker, carried on negotiations between the defendant and a Mr. Bancroft in relation to the sale by the former to the latter of a parcel of real estate ; that these negotiations finally terminated in an offer by Bancroft of $16,-000 for the land, which was declined by the defendant; that subsequently, on or about October 3, 1888, the defendant sent for the plaintiff and informed him that she had concluded to take the $16,000 for the land ; that thereupon the plaintiff called on Bancroft and told him that the defendant had decided to let him have the land for that sum ; that

Bancroft was then about to remove from Newport to Washington, and said to the plaintiff that he was not prepared to talk about real estate at that time, but would write him when he got to Washington. The case also shows that Bancroft, after his removal to Washington, wrote to one John Peckham, instead of the plaintiff, through whom the negotiations between Bancroft and the defendant were continued, with the result that on October 16, 1888, an agreement for the sale of the land was consummated.

Assuming the facts to be as stated, it is evident that the plaintiff must be regarded as the effective agent in bringing about the sale. He it was, who communicated to the purchaser, at the instance of the defendant, her desire to reopen the negotiations, and though Bancroft, for some reason which does not appear, chose to continue the negotiations through some other person than the plaintiff, and the defendant saw fit to treat with that other person instead of the plaintiff, the fact still remains that the plaintiff was the instrument through whom the resumption of negotiations which ended in the sale was brought about. In the absence of a special contract, the production of a purchaser able and willing to purchase on terms satisfactory to the seller entitles a broker to his commission. The earlier negotiations between Bancroft and the defendant had been carried on by the plaintiff; though these had terminated without a sale, yet on the resumption of them, and especially when the defendant had recognized the plaintiff's agency as continuing by employing him as the medium for reopening them, his right to his commission on consummation of the agreement for a sale became complete. The defendant was not at liberty to avail herself of the plaintiff's services and then decline to pay his commission. Had the negotiations been continued by Bancroft after the plaintiff had notified him of the defendant's desire to reopen them directly with the defendant and the sale consummated between them, instead of through the instrumentality of another person, the plaintiff would, nevertheless, have been entitled to his commission. *Murray* v. *Currie*, 7 Carr. & Payne, 584; *Chilton* v. *Butler*, 1 E. D. Smith, 150; *Mor-*

*gan* v. *Mason*, 4 E. D. Smith, 636; *Stillman* v. *Mitchell*, 2 Rob. 523; *McClave* v. *Paine*, 49 N. Y. 561; *Jones* v. *Adler*, 34 Md. 440; *Hanna* v. *Collins*, 67 Ia. 51; Edwards on Factors and Brokers, §§ 111, 112. The fact that the defendant concluded the negotiations with the purchaser through another person to whom she has paid a commission, instead of making the sale herself, does not take away the plaintiff's right to his commission.

The fact that there was a misunderstanding between the plaintiff and Bancroft as to the amount of the latter's offer for the land, the plaintiff reporting it to the defendant as $16,000, while Bancroft alleges it was but $15,000, appears to us immaterial. The minds of the seller and purchaser met in the agreement for a sale of the land for the latter sum as the result of a renewal of the negotiations. As already stated, it is the production of a purchaser able and willing to purchase and the consummation of the agreement for a sale on terms satisfactory to the seller, which gives the right to the commission on the price obtained.

Defendant's petition for a new trial denied and dismissed, with costs.

*Charles E. Gorman & Patrick J. Galvin,* for plaintiff.
*William P. Sheffield,* for defendant.