GELATT v. RIDGE, *Appellant.*

Division One, November 6, 1893.

1. **Contract**: REAL ESTATE AGENT: COMMISSIONS. A real estate agent performs his duty and is entitled to his commissions when he procures a purchaser able and willing to buy on terms authorized by his principal and no binding written contract of sale is required when the principal is in a situation to execute it himself.

2. ——: ——: ——: RATIFICATION. The fact that the terms of the sale made by the agent varied from the terms of his authority is immaterial where the principal ratified the sale as made.

3. ——: ——: ——: ——. A departure of a real estate agent from the terms of his authority in effecting a sale becomes, on ratification by the principal, a part of the original contract and the compensation fixed therein governs.

4. ——: ——: ——: ——: EVIDENCE. In an action by a real estate agent for commissions, a deed executed by the principal to the purchaser after the commencement of the suit is admissible to show the principal's ratification of the agent's contract.

5. Practice: PETITION: DEPARTURE: WAIVER. An objection to an amended petition as being a departure from the original one is waived by pleading over and going to trial without making the objection.

6. Contract: REAL ESTATE AGENT: COMMISSIONS. When a real estate agent has procured a purchaser ready, willing and able to buy the land on the terms prescribed by the principal, the fact that such purchaser was acting in behalf of another does not affect the agent's right of commission.

*Appeal from Jackson Circuit Court.*—Hon. J. W. Henry, Judge.

Affirmed.

*Hayward & Griffin* for appellant.

(1) No sale was effected by the payment of $500 earnest money. *Mastin v. Grimes*, 88 Mo. 478; *Ramsey v. West*, 31 Mo. App. 676; *Kelly v. Thuey*, 102 Mo. 522. (2) Plaintiff varied from his authority, and the contract he made he was not authorized to make. *First.* He cannot recover here as upon a *quantum meruit*. *Egerman v. Cemetery Ass'n*, 61 Mo. 489; *Lewis v. Slack*, 27 Mo. App. 119; *Davis v. Brown*, 67 Mo. 313; *Halpen v. Maurey*, 33 Mo. App. 388; *Warson v. McElroy*, 33 Mo. App. 553; *Smith v. Haley*, 41 Mo. App. 611–616. *Second.* If the contract plaintiff made was different from what he was authorized to make, the fact that it was more advantageous cannot alter the

case. *Nesbitt v. Helser*, 49 Mo. 383; *Harwood v.. Triplett*, 34 Mo. App. 273, at p. 278. (3) Defendant never ratified the contract made by plaintiff as and for a fulfillment of his undertaking. *Reiger v. Bigger*, 29 Mo. App. 421. (4) The deed to J. F. Brady for M. J. Brady was improperly admitted in evidence. *Tobin v. McCann*, 17 Mo. App. 481, at p. 483; *Worth v. Springfield*, 22 Mo. App. 12. (5) Plaintiff was not the procuring cause of the sale finally made. *Ramsey v. West*, 31 Mo. App. 676.

*Pratt, Ferry & Hagerman* for respondent.

(1) If Gelatt, with authority to sell, introduced a purchaser able and willing to buy, then Ridge is liable for the agreed commission, even if he changed the terms made to or by Gelatt. *Bell v. Kaiser*, 50 Mo. 150; *Tyler v. Parr*, 52 Mo. 249; *Timberman v. Craddock*, 70 Mo. 638; *Goffe v. Gibson*, 18 Mo. App. 1; *Gaty v. Foster*, 18 Mo. App. 639; *Beauchamp v. Higgins*, 20 Mo. App. 514; *Millan v. Porter*, 31 Mo. App. 563, 576; *Jones v. Berry*, 37 Mo. App. 125, 130; *Wetzell v. Wagoner*, 41 Mo. App. 509, 516; *Stinde v. Blesch*, 42 Mo. App. 578, 581; *Brennan v. Roach*, 47 Mo. App. 290, 296. (2) Such being the law, the only question in the case was whether Gelatt's act in departing from his authority was ratified, because Gelatt's original authority and departure therefrom are conceded by both parties. (3) The evidence of ratification is overwhelming. The connection of M. J. Brady with the transaction does not prevent a recovery. (4) The objection to the introduction in evidence of the deeds executed between Ridge and Brady is not well taken; the deeds were admissible as tending to prove a ratification of Gelatt's departure from the letter of his authority. *State v. Brooks*, 99 Mo. 137.

MACFARLANE, J.—The action is to recover commission by plaintiff, a real estate agent, for the sale of land for defendant under authority contained in the following writing:

"KANSAS CITY, Mo., March 14, 1889.

"I hereby authorize J. M. Gelatt to sell my property at 1116 Main—24ft. 3in.—for the sum of seventy thousand dollars; thirty thousand of which is to be paid in cash within thirty days of this date, ten thousand of which cash is to be paid within three days from date, and the remainder of my equity, twenty-three thousand dollars, to be paid in six months, with interest at the rate of six per cent. The purchaser of said premises is to pay an incumbrance of seventeen thousand dollars, bearing seven per cent. interest, which is now on said property and falls due in January, 1890. Should Mr. Gelatt 'sell said property on the above terms I am to give him fourteen hundred dollars, and any excess obtained for said property above said price to be his.

"THOMAS S. RIDGE,
"J. M. GELATT."

On the next day, March 15, 1889, plaintiff agreed with J. F. Brady for the purchase of the property upon the terms set forth in the following receipt which was given at the time:

"Received of J. F. Brady, five hundred dollars as earnest money in the purchase of Thomas S. Ridge's property, 1116 Main street, Kansas city, Missouri, at a price of seventy-three thousand dollars; ten thousand dollars of the same to be paid within two days from this date, of which five hundred has been paid, and twenty-five thousand dollars when deed is delivered, and twenty-one thousand six months from date of deed at six per cent. and assume seventeen thousand

dollars due January, 1890, with seven per cent. interest from date of deed to said Brady.

"J. M. GELATT,

"Authorized agent for THOMAS S. RIDGE."

The evidence tended to prove—indeed there is but little conflict on this point—that immediately after agreeing upon the terms of sale, and the execution of this receipt the parties met defendant, the contract as made was submitted to and approved by him, and it was then arranged for a subsequent meeting at which a written contract should be prepared and signed, and the balance of the cash payment made. At this first meeting it was disclosed that a tenant occupied a portion of the premises, but the evidence tends to prove that defendant agreed to arrange with him. At the subsequent meeting, held a day or two afterwards, defendant refused to carry out the contract unless the purchaser would take the property subject to the lease, which he at the time declined to do. That Brady was able, ready and willing to carry out the contract is unquestioned.

After refusal of defendant to execute the contract as made, the purchaser, John F. Brady, in the name of his brother, M. J. Brady, for whom the purchase was really made, commenced a suit for a specific performance of the contract. Pending this suit, and on June 27, 1889, Brady agreed to assume the lease, and a contract was made in the name of M. J. Brady, according to the terms of the original sale with this exception, as to the lease and with the exception that the contract recited a consideration of $72,500, the $500 cash payment having been retained by plaintiff as part of his commission. The contract provided that, defendant should allow Brady for the rents of the premises from April 14, 1889, and the note for the unpaid purchase money should bear date from March 14, 1889, the day

of the original sale. The deed and deed of trust executed in pursuance of this contract were made to and by J. F. Brady, were dated June 28, 1889, and recited a consideration of $73,000.

The suit was commenced March 23, 1889, and an amended petition filed in October of the same year. The amended petition charged the authority to sell, and agreement as to the commission as contained in the written contract, a sale on the terms contained in the receipt, a ratification of the sale upon those terms and the final consummation of the sale by the execution of the deeds in June, 1889. The answer charged that defendant, before the alleged sale, informed plaintiff of the leasehold interest on the property held by another, and instructed him that any sale should be made subject to the lease, and that Brady, the purchaser, refused to take the property subject to the lease. The answer also charged collusion between plaintiff and the purchaser, by which the sale was to be made without reference to the lease, and for which plaintiff was to receive a commission from Brady. There was no evidence to sustain this charge. The answer admitted the execution of the writing giving plaintiff authority to sell, but denied each other allegation of the petition.

At the request of the plaintiff, the court gave the jury this instruction:

"If the jury find from the evidence the following facts: *First*. That the plaintiff was employed by defendant to sell the real estate, known as 1116 Main street, Kansas City, Missouri, under the written authority read in evidence, dated March 14, 1889; *second;* that plaintiff, acting under his said employment, and without the same being modified, made a contract to sell said property to one, Brady, on the terms specified on the written receipt and memorandum read in evidence, dated March 15, 1889, and signed

J. M. Gelatt, agent for Thomas S. Ridge; *third*, that plaintiff, after making said contract, brought the parties together; that the terms of the sale were fully explained to defendant and were agreed to, and approved by him, and the action of Gelatt was accepted as a complete performance of his obligation, and the purchaser was ready, willing and able to pay; *fourth*, that, afterwards, the defendant, for a time, declined to make the deed to Brady until a suit was brought to compel the enforcement of said contract; *fifth*, that, afterwards, on or before June 28, 1889, the defendant and Brady settled the controversy by a consummation of the sale, at the price, and on the terms of the contract negotiated by plaintiff, with certain exceptions as to a certain lease in favor of a tenant then in possession; *sixth*, that the defendant then consummated the sale by the execution of the deed to Brady, which is in evidence, and by taking from him the mortgage or deed of trust which, also, is in evidence and plaintiff has received but $500 for his services; then, if you find these facts, the court instructs the jury that they must find for the plaintiff on the first count, and assess his damages at $3,900, with six per cent. interest from June 28, 1889."

At the close of all of the evidence, defendant asked an instruction in the nature of a demurrer to the evidence, which was refused.

At the request of the defendant, the court gave the jury two instructions, as follows:

"The court instructs the jury that, if they believe from the evidence, that after defendant executed to plaintiff the authority in writing, to sell defendant's real estate referred to in plaintiff's amended petition, but, before plaintiff gave the receipt to J. F. Brady, referred to in plaintiff's amended petition, defendant orally informed plaintiff that there was a lease to one

Laveine, on said real estate, and the purchaser must take the property subject to said lease and the purchaser refused to purchase subject to said lease, then plaintiff cannot recover.

"The court instructs the jury that, unless the plaintiff sold defendant's real estate on terms given him by defendant, or procured a customer therefor, ready, willing and able to purchase defendant's property on such terms, plaintiff cannot recover, unless they shall further find that defendant, after having been fully informed of the variations made by plaintiff on selling said real estate from the instructions given him, approved of these variations and ratified the contract of sale as made by plaintiff."

An instruction declaring the rights of the parties in case plaintiff informed Brady of the lease, before the execution of the receipt, asked by defendant, was refused. There was no evidence to authorize the instruction and its refusal is not insisted upon as error. The judgment was for plaintiff, and defendant appealed.

I. The first objection urged by appellant, as ground for reversal, is, that the receipt, being only signed by the agent, in behalf of his principal, could not be enforced by the purchaser who had not signed it, and is, therefore, not such a sale of the property as was contemplated under the authority given. It is well settled in this state that a real estate broker performs his duty, and is entitled to his commission, when a purchaser is introduced who is ready, willing and able to buy on the terms authorized by the principal. The completion of a valid and binding written contract is not required in case the principal is in a situation to execute it himself. It may, and doubtless often does, happen that the purchaser would prefer dealing directly with the owner. So it is held that the agent is entitled to his commission if he is the procuring cause of negotiations

which result in the sale, even though the negotiations are conducted and concluded by the principal in person. *Bell v. Kaiser,* 50 Mo. 150; *Tyler v. Parr,* 52 Mo. 249; *Timberman v. Craddock,* 70 Mo. 638.

II. It is next contended that there can be no recovery, for the reason that the contract made by the agent varied from the terms of his authority, and that this would be the case though the terms of the sale made were more advantageous to the principal than was required under the letter of authority. There is no doubt, as a general principle of law, that an agent must act within the terms of his authority, and a substantial variance therefrom would defeat his right to compensation, though such variance may have been advantageous to his principal. *Nesbitt v. Helser,* 49 Mo. 384. Yet it is equally well settled that if the principal ratify the contract made by the agent, the substituted terms become a part of the original agreement and can be enforced as such. *Woods v. Stephens,* 46 Mo. 556, and cases cited.

The evidence tends to prove—indeed it is very conclusive—that defendant did fully approve and ratify the terms of sale as made by plaintiff, and under the instructions the jury must have so found.

III. The suit was not upon a *quantum meruit,* as claimed by defendant, but was upon the original contract as made and supplemented by the ratification and acceptance of defendant. If, as before stated, the departure, by the agent, from the terms of the authority given him, became, upon approval and ratification by the principal, a part of the original contract, the compensation, if fixed therein, should be measured thereunder. *Nesbitt v. Helser, supra.*

IV. Objections were made to the introduction in evidence of the deed made by the defendant to Brady,

Vol. 117—36

and the deed of trust back to secure a part of the purchase money, which were dated June 28, and after the commencement of the suit. These were admissible, not as a necessary part of the original cause of action, but as evidence of the ratification of the contract made by plaintiff. They showed that the terms agreed upon were substantially carried out by defendant. A recovery could have been sustained without this evidence, and plaintiff took upon himself an unnecessary burden in making the execution of the contract necessary to a recovery, as was done under his amended petition and the instructions asked and given. This could afford to defendant no just ground of complaint.

V. Though the charge, in the amended petition, of the execution of the deed by defendant in conformity to the terms of the sale made by plaintiff, may have been a departure from the original petition, the fact charged having accrued subsequent to the commencement of the suit, and was also prejudicial to defendant, yet by pleading over and going to trial on the amended petition, no objection having been made thereto, all error, on account thereof, must be taken as waived. *Scovill v. Glasner*, 79 Mo. 454; *Spurlock v. Railroad*, 93 Mo. 537.

VI. It is insisted finally that no sale was made by plaintiff for the reason that J. F. Brady, to whom the sale purports to have been made, was acting in behalf of his brother, M. J. Brady, for whom the purchase in fact was made. We are unable to see any force in this reason. J. F. Brady showed himself ready, willing and able to carry out the contract as made, and it could make no difference that he was acting in behalf of another. Defendant testified, also, that in his first interview with plaintiff, after the sale had been made, he was informed that the land was intended for M. J. Brady, and this name was then, without objection, written in the contract. It is true that this contract

was not signed by the parties at that time, for other reasons; but the one finally executed on the twenty-seventh of June was in the name of M. J. Brady, though the deed made on the next day conveyed the land to F. J. Brady, the original purchaser. Under his authority plaintiff was not restricted in his right to sell to any particular person or class of persons. The judgment is affirmed. All concur.