[No. 15618.   Department One.—November 27, 1894.]

JULIUS   JAGER,   RESPONDENT,   v.   CALIFORNIA
BRIDGE COMPANY, APPELLANT.

NEGLIGENCE—ACTION AGAINST CORPORATION—TRIAL—PLACE OF INJURY—
CHANGE OF VENUE—PRINCIPAL PLACE OF BUSINESS.—An action against
a corporation for an injury alleged to have been caused by its negligence
may be commenced and tried in the county where the injuries were
received, and the corporation is not entitled as of right to have the
venue changed, and the action tried in. the county where its principal
place of business is located.

ID.—PLEADING—DEMURRER FOR UNCERTAINTY—APPEAL.—In an action to
recover damages for negligence a judgment in favor of the plaintiff will
not be reversed for a technical error in overruling a special demurrer to
the complaint on the ground of its uncertainty, if it appears from the
record that no injury resulted to the plaintiff from the ruling, and that
the action was fairly tried upon its merits upon the issues raised by the
pleadings.

ID.—DEFECTIVE APPLIANCE—NEGLIGENCE OF FELLOW-SERVANT—APPEAL—
CONFLICTING EVIDENCE.—A finding in favor of the plaintiff in an action
for negligence in carelessly and negligently providing unsafe and unsuit-
able machinery and appliances with which to do the work of an
employee, will not be disturbed where the evidence is conflicting as to
whether the injury was caused by the negligence of a fellow-servant,
and there is sufficient evidence to show that the appliance was defect-
ive, and in an unsafe and unsuitable condition at the time of the
accident.

ID.—DUTY OF MASTER TO MAINTAIN APPLIANCE.—The same duty devolves
upon the master in subsequently maintaining an appliance in a safe and
suitable condition as rested upon him when it was originally furnished
to his servant.

ID.—LOOSE HEAD-BLOCK UPON PILEDRIVER—NEGLIGENCE OF MASTER—
KNOWLEDGE OF SERVANT.—Where a servant employed about a machine
engaged in driving piles was struck down and injured by the head-
block falling upon him from its proper position at the top of the pile-
driver, and the evidence shows that the head-block was originally
fastened by bolts to the piledriver, and that it had become loosened at
one end, so that whatever efficacy had arisen from the original bolting
was gone at the moment of the accident, the case stands as though one
end of the appliance had never been fastened, and the master is liable
for negligence in not maintaining and securely fastening the head-block,
there being no evidence to show that the servant knew the defective
character of the appliance, and assumed the risk of working with such
an appliance.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*Davis & Hill*, for Appellant.

The judgment should be reversed, as the injuries received by the plaintiff were received because of the carelessness of the engineer, who was a fellow-servant with the plaintiff. (*Long* v. *Coronado R. R. Co.*, 96 Cal. 269; *Trewatha* v. *Buchanan etc. Co.*, 96 Cal. 495; *Crispin* v. *Babbitt*, 81 N. Y. 516; 37 Am. Rep. 521; *Randall* v. *Baltimore etc. R. R. Co.*, 109 U. S. 478.) An employer is not an insurer, and if he has exercised reasonable care in providing safe machinery and appliances he is not liable, even though after an accident it may be seen that with some other appliance the accident would not have happened. (*Burke* v. *Witherbee*, 98 N. Y. 562; *Washington etc. R. R. Co.* v. *McDade*, 135 U. S. 554.) The plaintiff assumed the risk of the employment. (*Washington etc. R. R. Co.* v. *McDade*, 135 U. S. 554.)

*A. P. Black*, and *Martin Stevens*, for Respondent.

It is the duty of the master to provide safe machinery and appliances for his employees. (*Ingerman* v. *Moore*, 90 Cal. 420; 25 Am. St. Rep. 138.) A servant does not assume the risk arising from the negligence of the employer in providing unsuitable machinery and appliances. (*Long* v. *Coronado R. R. Co.*, 96 Cal. 274; *Trask* v. *California St. R. R. Co.*, 63 Cal. 96; *Magee* v. *North Pac. Coast R. R.*, 78 Cal. 430; 12 Am. St. Rep. 69; *Beeson* v. *Green Mt. G. M. Co.*, 57 Cal. 20; *Brown* v. *Sennett*, 68 Cal. 226; 58 Am. Rep. 8; *Sanborn* v. *Madera etc. Co.*, 70 Cal. 262; *Hough* v. *Texas Pac. Ry. Co.*, 100 U. S. 213; *Fuller* v. *Jewett*, 80 N. Y. 46; 36 Am. Rep. 575.)

GAROUTTE, J.—Respondent was injured while employed by appellant in working upon and about a machine engaged in driving piles. He recovered a judgment for such injuries, and this appeal is taken from that judgment and from the order denying the motion for a new trial.

In due time appellant moved for a change of venue of the action from the city and county of San Francisco to the county of Alameda, upon the ground that appellant's principal place of business was in Alameda county, and alleging that such fact was so declared in its articles of incorporation. This motion was denied, and complaint is now made of the action of the court. Appellant was not entitled to a change of place of trial upon the ground presented, for a corporation may be sued and trial had in the county where the injuries are received. It has no absolute right to have the action tried in the county where its principal place of business is located. (*Trezevant* v. *Strong Co.*, 102 Cal. 47.)

It is insisted that a special demurrer to the complaint upon the ground of uncertainty was well taken. The complaint alleged " that the defendant so carelessly and negligently constructed said piledriver, and so carelessly and negligently provided unsafe and unsuitable machinery and appliances with which to do the work, that upon raising the hammer to drive the first pile the crossbeam on the top of the said piledriver was pulled off, and the said crossbeam fell upon the plaintiff while in the line of his employment and duty aforesaid." This allegation could have been made more definite and certain; at the same time it states the facts as to the manner and cause of the accident fairly well and sufficiently in detail to defeat a reversal of the judgment upon the ground of a technically defective pleading. It is not every error of the trial court committed in overruling a special demurrer to a pleading that will justify this court in sending the case back for a new trial. When the issues are fairly made by the answer, and the evidence bearing upon the issues is fairly presented to the court, there is no reason why a defective allegation in the complaint, even though it be unsuccessfully assailed by a special demurrer, should cause a reversal of the judgment and a retrial of the case. It is fully apparent by the record that no injury resulted to the appellant by the action of the court, even conced-

ing it to be erroneous, and when there is no injury there is no ground for reversal. (See *Alexander* v. *Central Lumber Co., ante*, p. 532.)

It is insisted that the evidence is insufficient to support the finding of fact made by the court as to the imperfect construction of the piledriver, and appellant states that he makes this contention, fully realizing the force of the rule that this court will not disturb the findings of fact when a conflict of evidence is presented. When the accident occurred respondent was at the base of the piledriver, near the foot of the brace ladder, and he was struck down and injured by the crossbeam or head-block falling upon him from its proper position at the top of the piledriver, some eighty-five feet above. It is insisted by respondent that it fell by reason of the defective and unsubstantial manner in which it was fastened to the gins and the ladder, taken in connection with the way in which the rope or runner (as it is termed) that raises and lowers the hammer was connected thereto, it being claimed that this connection was of such a character as to deprive the hammer of sufficient space to allow it to be chocked at the top of the platform and below the crossbeam or head-block. Upon the part of appellant it is claimed that the head-block was knocked off by the hammer by reason of the negligence of the engineer—a fellow-servant—in raising the hammer too rapidly, and in not stopping it sufficiently soon to avoid contact with the head-block. The head-block was fastened to the top of the driver by two bolts, but a short time before the accident occurred, in hoisting the pile, one end of the block became loosened and displaced from its proper position, and, while it was subsequently replaced, nothing was done to fasten it more securely, and the block was in this condition when the accident occurred.

As to the contention of appellant that the engineer was guilty of negligence in raising the hammer too rapidly, it is sufficient to say that the evidence is

CIV. CAL.—35

squarely conflicting upon this point, and by its judg-ment the court found against the commission of negli-gence by the engineer in this, regard. But, upon the other hand, we are satisfied that the evidence is entirely sufficient to support a finding of fact to the effect that the piledriver was defectively constructed in this, that the head-block thereof was insecurely placed and fastened in its position. A large amount of evidence was in-troduced bearing upon the question as to the proper manner of fastening the head-block upon a piledriver, some witnesses testifying that iron bands or straps should be used, while others declared that bolts, as used in this instance, were sufficient. The evidence is con-flicting as to this point, but it is not necessary to rest the validity of this judgment upon such conditions. Even if the appliance was originally a proper and suit-able one tested by the requirements of the law, still, at the time of the accident, it was not in the same con-dition as when first constructed. The evidence plainly indicates that the head-block had become loosened at one end, and whatever efficacy may have arisen from the original bolting thereof was gone at the moment of the accident. Under these circumstances the origi-nal bolting goes for naught, and the case stands exactly as though one end of the appliance had never been fastened. If it had been constructed in this manner in the first instances, measured by the evidence in the record, there can be no question but that such construction would have been defective, and that the defendant would have been guilty of a lack in the exer-cise of the most ordinary care in such construction. It is not necessary to cite authorities to the point, for the rule is elementary that the same duty devolves upon the master in subsequently maintaining the appliance in a safe and suitable condition as rested upon him when it was originally furnished to his servant. (*Alex-ander* v. *Central Lumber Co., ante,* p. 532.)

There is nothing in the record to indicate that re-

spondent knew the defective character of the appliance, and assumed the risk of working with such an appliance.

For the foregoing reasons it is ordered that the judgment and order be affirmed.

Harrison, J., and Van Fleet, J., concurred.