[S. F. No. 615.    Department One.—April 22, 1897.]

NORA RUSSELL, A MINOR, ETC., RESPONDENT, v. PACIFIC CAN COMPANY, APPELLANT.

NEGLIGENCE—MASTER AND SERVANT—UNSAFE WATER-CLOSET—DISCHARGE OF STEAM—FAILURE OF EMPLOYER TO EXAMINE.—It is the duty of an employer in a manufactory to furnish a reasonably safe water-closet for the use of employees, and to use reasonable and ordinary care in the selection of it, and in the inspection and keeping of it in proper condition; and where the employer was accustomed to discharge steam into the water-closet through an exhaust pipe, which in proper condition, should have pointed downward toward the bottom of the vault, and have there mingled the steam with cold water emptied into the vault, and the employer neglected for four years to inspect the condition of the water-closet, and an employee, without contributory negligence, was seriously scalded and burned by steam from the exhaust pipe, which then pointed upward, the employer is chargeable with negligence, and is responsible in damages for the injury.

ID.—MOTION FOR NONSUIT—SUPPLY OF PROOF BY DEFENDANT—HARMLESS ERROR.—Even if a motion for nonsuit should have been granted at the conclusion of the plaintiff's evidence, the refusal to grant it is harmless error, where the defendant's evidence supplies the requisite proof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. JOHN HUNT, Judge.

The jury rendered a verdict in favor of the plaintiff for the sum of twenty-five hundred dollars.

Further facts are stated in the opinion of the court.

*Van Ness & Redman*, for Appellant.

The nonsuit should have been granted, as the plaintiff closed her case without offering any evidence of negligence on the part of the defendant; the burden was on the plaintiff to show negligence, the mere fact of the injury not being sufficient to raise a presumption of negligence. (*Sappenfield* v. *Main Street etc. R. R. Co.*, 91 Cal. 48.) When an appliance not obviously dangerous has been in daily use for a long time, and has always proved safe and efficient, its continued use does not impute imprudence or negligence. (*Sappenfield* v. *Main Street etc. R. R. Co.*, *supra*.) The cause of the injury could not have been foreseen and guarded against, and therefore the defendant cannot be held liable. (16 Am. & Eng. Ency. of Law, 396; *Burke* v. *Wetherbee*, 98 N. Y. 562; Thompson on Negligence, 1234, 1235; *Rodgers* v. *Central Pac. R. R. Co.*, 67 Cal. 607.) The verdict is excessive.

*Reinstein & Eisner*, for Respondent.

It was the duty of the defendant to inspect its premises and keep them in such repair that no injury would result to its employees from the use of the steam. (*Alexander* v. *Central etc. Co.*, 104 Cal. 539.) The denial of the nonsuit, even if improper, was not prejudicial error, for the introduction of testimony to supply the defect in the plaintiff's evidence, after the denial of the motion, thereby cures the error. (*Abbey Homestead Assn.* v. *Willard*, 48 Cal. 614; *Vaca Valley etc. R. R. Co.* v. *Mansfield*, 84 Cal. 565; *Higgins* v. *Ragsdale*, 83 Cal. 221; *Schlessinger* v. *Mallard*, 70 Cal. 334; *Perkins* v. *Thornburgh*, 10 Cal. 191; *Winans* v. *Hardenbergh*, 8 Cal. 293; *Smith* v. *Compton*, 6 Cal. 26.) The verdict is not excessive. (See Hayne on New Trial, secs. 94, 95; *Morgan* v. *Southern Pac. Co.*, 95 Cal. 501.)

GAROUTTE, J.—The appellant is a corporation engaged in conducting a factory for the manufacture of tin cans and other articles. Nora Russell, a minor, and employee, brings this action in the name of her guardian

*ad litem* for damages for personal injuries received. The jury found in her favor, and assessed the damages at the sum of two thousand five hundred dollars. The corporation appeals from the judgment and order denying a new trial.

The general facts to be considered may be briefly stated as follows: The plaintiff, a girl of fourteen years, was an employee of the defendant, and upon the day of the accident, being the first day of her employment, was working for the defendant at its place of business in the city of San Francisco. Upon the premises there was a certain outhouse or water-closet provided for the use of employees. In connection with its business the defendant used and employed steam power, and had constructed and maintained an exhaust steampipe which ran into said closet, and discharged steam immediately beneath the place where persons using said outhouse or water-closet were in the habit of sitting. While the plaintiff was in the act of using said closet steam and hot water came through said exhaust steampipe into said outhouse immediately beneath the person of said plaintiff, whereby she was seriously scalded and burned. The steam was conducted to this place for sanitary purposes, and such arrangement had been in use for more than four years. Cold water was also emptied into the vault of this closet by means of a pipe, and when the end of the exhaust steampipe penetrated the cold water there was no danger from the hot steam. The end of the exhaust pipe consisted of an elbow eighteen inches in length claimed by defendant to have been so placed as to extend directly downward to within fifteen or eighteen inches of the bottom of the vault. Immediately after the accident the place was examined, and it was found that the aforesaid elbow of the exhaust steampipe pointed directly upward. The foregoing facts either appeared from the evidence of plaintiff's witnesses, or were admitted by defendant's pleading, save the position of the elbow of the exhaust pipe at the time of the accident; and its

CXVI. CAL.—34

position as pointing upward rather than downward at that time was shown by the evidence of the defendant.

Defendant insists that his motion for a nonsuit was improperly denied, and also insists that the evidence as a whole is insufficient in law to make a case for plaintiff. Of course, if plaintiff's case is strengthened by defendant's evidence to the extent that when finally submitted it is strong enough to support a verdict, even though inherently too weak to accomplish that result when a nonsuit was denied, then a denial of the nonsuit is harmless error. And here, if it appears from all the evidence in the record that a case for plaintiff is made out, then the action of the court in refusing the nonsuit is not reversible error. With these principles in view, we pass the consideration of the question of nonsuit, and come directly to the examination of the bill of exceptions, with a view to test the sufficiency of the evidence taken as a whole in supporting the verdict of the jury. In addition to the facts we have quoted, it further appeared that this steampipe had been connected with the closet for some four years immediately prior to the accident, and that no examination of the closet had been made by defendant during that time. No question of contributory negligence is involved, and the case upon its face addresses itself to the single interrogatory: Does the evidence indicate negligence upon the part of the defendant?

Plaintiff was an employee of defendant. It was defendant's duty to furnish her a closet reasonably safe. This it failed to do, but, on the contrary, furnished her a closet the use of which was accompanied with the greatest danger. There is no question but that the closet furnished plaintiff was not suitable for the purposes intended; and it was not suitable by reason of the fact that it was not safe. It may be stating the proposition too strongly to say defendant was bound to furnish a closet which could be used with safety; but, to be strictly within the law, we say defendant was bound to use reasonable

and ordinary care in the selection of the closet furnished this plaintiff, and we think it plain the jury were justified in finding that such care was not used. Steam is a dangerous element to be used under any circumstances; and we here find a closet furnished by defendant for the use of plaintiff, into which steam had been emptied for a period of four years, and no inspection of its condition had been made during that entire time. A failure to examine the closet, in view of the fact that hot steam was being constantly more or less discharged into it, was sufficient to justify the jury in holding defendant guilty of negligence. Certainly the defendant was bound to furnish a closet that was not inherently and ordinarily dangerous, and this was not such a one. Defendant furnished a closet that in effect he had not seen for four years. Even if it should be conceded that an employer is not bound to know the condition of a defective appliance furnished his employee, still as matter of fact a jury will be justified in holding him guilty of negligence in furnishing an appliance he has not seen in four years time.

It is no answer to a charge of negligence to say that four years ago I constructed that appliance, and it was then in perfect condition. The wear and tear of use, or of time alone, should be guarded against by the exercise of some degree of care upon the part of the employer. A stage company furnishing its driver with a stage which it had not seen for four years would be guilty of negligence justifying damages to him, if the stage gave way by reason of its defects, however perfect its condition four years before; and such recovery would be based upon the fundamental principle of a lack of ordinary care upon the part of the employer in selecting and furnishing the appliance to be used by the employee. And the principle in the case here under consideration is no different than if injury to this plaintiff had been produced by the giving way of the boards of the closet, or the caving in of the vault. It would be no answer to say that four years ago I built the

closet, and it was then in perfect condition. This appliance was furnished plaintiff upon the day of the accident, not at the date of its construction. It was furnished plaintiff at a time when defendant absolutely knew nothing of its condition.

When the elbow of the pipe was changed from a downward to an upward direction is unknown. The evidence is not at all conclusive that it ever pointed downward. The builder of it did not testify, and no man ever saw it pointing in that direction. It was undoubtedly the intention of the defendant that it should be so constructed, but the evidence was not at all convincing that such was the fact. But whatever may be the true theory as to the fact we think immaterial, for the jury were justified in holding the defendant guilty of negligence in furnishing an appliance the condition of which it did not know—an appliance which it had not seen for a period of four years. The principles of law here discussed are elementary, and for that reason no extended citation of authority has been made. The application of the facts to those principles, however, is plain and conclusive. As defining the duty of the master to his servant, the court of appeals of New York, in *Ryan* v. *Fowler*, 24 N. Y. 414, 82 Am. Dec. 315, said: "The location of the privy in a dangerous place made it more imperatively his duty to see to it that its foundations were made and kept sound and safe beyond contingency. He had no right to expose the female operatives of his factory to risks and dangers in such a place. It was his duty to know that the privy was safe, and that the operatives for whom it was designed and provided might resort to it without personal risk or peril to life or limb. . . . . It was provided for her use. It was the master's duty to see that it was safe and secure, and not hers to watch and guard by any particular vigilance against accidents of the kind which caused her injury." In its facts this case is surprisingly similar to the case at bar.

The damages recovered are not excessive. Neither is

the alleged misconduct upon the part of plaintiff's counsel during the progress of the trial such as to demand a retrial of the case.

For the foregoing reasons the judgment and order are affirmed.

VAN FLEET, J., and HARRISON, J., concurred.

Hearing in Bank denied.