[Civ. No. 122. First Appellate District.—December 16, 1905.]

M. B. LEVY, Respondent, v. WILLIAM WOLF, Appellant.

BROKERS—COMMISSIONS ON SALE OF REAL ESTATE—ORAL OFFER FROM RESPONSIBLE PURCHASER—SALE BY VENDOR ON TERMS PROCURED.— A real estate broker who, within the time allowed by his contract of employment, procured an oral offer from a responsible purchaser, of which and of the purchaser's name he informed the vendor, who accepted the offer, and subsequently sold the real estate to such purchaser, on the terms so procured, is entitled to recover his stipulated commissions on the amount of the purchase, though it be

less than the original sum provided for, and though the sale was actually effected by the vendor, through another broker, after the expiration of such employment.

ID.—RATIFICATION OF BROKER'S ACT—ACCEPTANCE BY VENDOR.—The acceptance by the vendor of the offer actually made to the broker, and the consummated sale upon such terms, was a ratification of the broker's act, and made the vendor liable to the broker for his commissions.

ID.—DENIAL OF NONSUIT—HARMLESS ERROR—EVIDENCE SUPPLIED BY DEFENDANT.—The denial of a motion for a nonsuit for the lack of certain evidence was not harmful error, where the evidence for the defendant supplied the requisite proof.

ID.—EVIDENCE—DIVISION OF COMMISSION BY SECOND BROKER WITH PURCHASER—HARMLESS RULING.—Where the purchaser had been in some respects a favorable witness for the defendant, the permission to plaintiff to cross-question the second broker, to prove that he divided his commission with the purchaser, even if it were not allowable to show a bias or interest in such witnesses, any error in admitting it is of too little consequence to justify a new trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

George D. Shadburne, for Appellant.

A. Ruef and W. M. Cannon, for Respondent.

HALL, J.—This is an action to recover commissions as a broker for a sale of real estate. Plaintiff recovered judgment. Defendant moved for a new trial, and, upon his motion being denied, appealed from the order and judgment.

The principal point discussed by appellant relates to the sufficiency of the evidence to sustain the findings. The complaint alleges that the defendant is indebted to the plaintiff in the sum of $700 for services rendered by plaintiff for defendant, and for which defendant promised and agreed to pay said sum to plaintiff, and that no part of said sum has been paid, and is unverified. Answer a general denial. The court found all the allegations of the complaint to be true, and rendered judgment for plaintiff for $700 accordingly. On the sixth day of August, 1900, defendant in writing gave to plaintiff the exclusive privilege to sell a certain piece of real

estate for $36,000 cash. Five days were "allowed to find a purchaser," and it was stipulated that the commission should be two per cent on the amount for which the property should be sold. Evidence was given which, if true, proved that plaintiff negotiated with one Goldaracena, and received from him various offers for the property, which he communicated to defendant. That on Saturday, August, 11, 1900, being the fifth and last day allowed under his employment, plaintiff received an oral offer from Goldaracena for the property for $35,000, without the house. That he, on the same day, communicated this offer to defendant. On this latter point the record shows the plaintiff testified: "On Saturday I told him Goldaracena will take the property for $35,000, without the house. Mr. Wolf said nothing; that is all right." The plaintiff also testified that he disclosed the name of the prospective purchaser to defendant when he got his written contract on Monday, August 6th. Plaintiff did not obtain a written offer or agreement from Goldaracena, nor bring him to defendant, but in this regard plaintiff testified: "I told Mr. Wolf that I was willing to bring Mr. Goldaracena up there [Mr. Wolf was confined to his house by illness], but he said it wasn't necessary, he did not want to see him. This was after the contract. Mr. Wolf said he was sick and did not want to see him." Plaintiff further testified that he told Wolf that Goldaracena was going out of town, but would be back on the Monday or Tuesday following. On the Monday following defendant gave a written authorization to another broker, and on Tuesday sold the property to Goldaracena for $35,000, without the house, the precise terms offered through plaintiff on Saturday. Goldaracena also testified in the first part of his testimony that he made the offer to plaintiff on Saturday for $35,000, without the house, but subsequently, in the latter part of his testimony, after talking with the other broker, stated that perhaps he had been mistaken in that statement.

From the foregoing statement we think the evidence was sufficient to support the conclusion that plaintiff obtained an oral offer from Goldaracena of $35,000, without the house, for the property, which he reported to defendant on Saturday, together with the name of the purchaser, and that defendant then signified his acceptance of such offer. It is true that the statement of the plaintiff in his testimony where he says,

"Mr. Wolf said nothing; that is all right," is not very clear or precise in its meaning. But it is made clear by other testimony, and in this connection plaintiff testified in effect that, while the price was fixed in his contract at $36,000, the real price was $35,000; the sum of $36,000 being placed in the contract because intending purchasers might want to see the contract. Indeed, defendant, while he denied that plaintiff had ever brought him such an offer from Goldaracena, testified that, if he had brought an offer of $35,000, "he would be the seller." In stating the evidence we have, of course, stated that most favorable to plaintiff, as the court found the facts in accord with the contention of plaintiff, though on most points there was sharp conflict in the evidence.

Under the foregoing statement of the evidence and the findings of the court, the real question to be determined is this: Has a broker earned his commissions for the sale of real estate, who, within the time allowed by his contract of employment, obtains an oral offer from a responsible purchaser, and informs the seller thereof and of the name of the purchaser, and the seller accepts the same (all within the time allowed), and subsequently sells to the purchaser on the terms procured by the broker? Appellant insists that plaintiff should not recover for the reason that the offer procured was not in accord with the terms of plaintiff's contract, being an offer of $35,000, without the house, instead of $36,000. But the acceptance by the seller of the offer actually made, and the consummated sale upon such terms, is a ratification of the act of the broker, and makes the seller liable to the broker for his commissions. In *Gelatt* v. *Ridge,* 117 Mo. 553, 38 Am. St. Rep. 683, 23 S. W. 882, this precise question was involved, and it was held that a departure by a real estate broker from the terms of his authority in effecting a sale becomes, on ratification by the principal, a part of the original contract, and the compensation fixed therein governs, and the broker is entitled to recover in accordance therewith. To the same effect, see *Jones* v. *Adler,* 34 Md. 440. In *Phelps* v. *Prusch,* 83 Cal. 626, [23 Pac. 1111], cited by appellant, no such point was involved. The broker did find a purchaser on the specified terms, but the sale failed because of defective title, and the rights of a broker who makes a sale on terms not at first authorized, but in fact accepted, was not involved.

It is also urged that plaintiff cannot recover because he neither procured a written agreement from the purchaser, nor introduced him to the seller; and in support of this contention cities *Gunn* v. *Bank of California,* 99 Cal. 349, [33 Pac. 1105] and *Mattingly* v. *Pennie,* 105 Cal. 514, [45 Am. St. Rep. 87, 39 Pac. 200]. In neither of these cases was a written agreement obtained from the buyer, nor was he introduced to the seller by the broker, nor his name disclosed, nor any sale in fact finally effected. In the case at bar, assuming the testimony for plaintiff to be true, the name of the purchaser was given by the broker to the seller, and his offer accepted within the time allowed by the contract, and a sale consummated in accordance with the offer. In *Tyler* v. *Parr,* 52 Mo. 249, it is said: "Or if the agent introduces the purchaser, or discloses his name to the seller, and through such introduction or disclosure negotiations are begun, and the sale of the property is effected, the agent is entitled to his commissions, though the sale may be made by the owner." Also in *Jones* v. *Adler,* 34 Md. 40, it is said: "It is well settled, if the agent introduces or discloses the name of the purchaser, and such introduction or disclosure is the foundation on which negotiations are begun and the sale effected, he will be entitled to commissions, and this, too, although in point of fact the sale may be made by the owner. In other words, he cannot avail himself of the services, and, by making a sale through information derived from the agent, deprive the latter of his commissions." In *Vanderverr* v. *Suydam,* [63 N. Y. St. Rep. 835], 31 N. Y. Supp. 392, it was held that a real estate broker employed to sell land within a limited time, on certain terms, is entitled to his commissions, where he procures a purchaser within the time and informs the seller; and the seller, by deferring the meeting with the purchaser until after the time of the agent's employment has expired, cannot defeat his right. (See, also, *Duclos* v. *Cunningham,* 102 N. Y. 678, [6 N. E. 790].)

As we have seen, there was evidence in this case that tended to prove that plaintiff, within the time allowed by his contract, obtained an oral offer from Mr. Goldaracena, which he communicated to defendant, together with the name of the buyer, within said time, and that defendant accepted such offer, and within a few days sold the property on the terms offered to Goldaracena. On this state of facts the broker had

earned his commissions.   What we have said as to the evidence disposes of the point that error was committed in denying defendant's motion for a nonsuit, for, although some of the evidence referred to in this opinion was introduced by defendant after the motion had been denied, a refusal to grant a nonsuit is not harmful error where the defendant's evidence supplies the requisite proof.   (*Russell* v. *Pacific Can Co.*, 116 Cal. 527, [48 Pac. 616].)

It is also objected that the court permitted plaintiff, in his cross-examination of Weston, the second broker, to prove that Weston divided his commissions with Goldaracena, over the objection of defendant that such objection was incompetent, immaterial, and irrelevant.   Goldaracena had been a witness for defendant, and in some things had been a favorable witness.   The testimony objected to possibly may have been considered as tending to show a bias or interest in the controversy by Goldaracena or Weston.   It is very doubtful if it were admissible for such purpose, but, if any error was committed in admitting it, the error is of too little consequence to justify a new trial.

For the foregoing reasons the judgment and order are affirmed.

Harrison, P. J., and Cooper, J., concurred.