[Civ. No. 1413. Second Appellate District.—January 6, 1914.]

## LESLIE INGALLS, Appellant, v. MONTE CRISTO OIL & DEVELOPMENT COMPANY (a Corporation), Respondent.

MASTER AND SERVANT—FALL BY EMPLOYEE FROM WALKING-BEAM OF OIL DERRICK—COLLAPSE OF ROOF—INSTRUCTION AS TO CONTRIBUTORY NEGLIGENCE.—In this action by an employee for injuries sustained by a fall from a walking-beam on an oil derrick by reason of the collapse of the roof of the derrick, an instruction on the subject

of contributory negligence, which refers to a defective condition of the roof but does not directly affirm that the roof was defective or dangerous, is not open to the objection, when construed with other instructions, that it assumes the defective construction and dangerous condition of the roof and thereby invades the province of the jury.

ID.—CAPACITY FOR UNDERSTANDING PERIL—INSTRUCTIONS.—An instruction in such action that the question as to the plaintiff's alleged contributory negligence must be determined in the light of his capacity for understanding the peril, is not erroneous when the evidence shows without conflict that at the time of the accident the plaintiff was in good health and his general faculties as to memory and otherwise were excellent.

ID.—CONTRIBUTORY NEGLIGENCE—INSTRUCTION OMITTING—OTHER INSTRUCTIONS AIDING.—In such action an instruction to the jury that if they find certain facts, then the plaintiff is entitled to a verdict, is not erroneous because it omits to include the question of contributory negligence, where other instructions are given which fully state the law as to contributory negligence.

ID.—INSTRUCTIONS—CONSIDERATION AS A WHOLE AND NOT SEPARATELY.— Instructions are to be read and considered as a whole, and the fact that, when taken separately, some of them may fail to enunciate in precise terms, and with legal accuracy, propositions of law, does not necessarily render them erroneous. It is sufficient if all the instructions taken together, and not being inconsistent with each other or confusing, shall give to the jury a fair and just notion of the law upon the point discussed.

ID.—INJURY TO EMPLOYEE—PRESUMPTION OF NEGLIGENCE FROM HAPPENING OF ACCIDENT.—Where the relation of the parties is that of employer and employee, it is not the universal rule that the happening of the accident is not itself a circumstance tending to show negligence on the part of the defendant. In this action by an employee for injuries sustained by a fall from a walking-beam on an oil derrick by reason of the collapse of the roof of the derrick, the falling of the roof, when the derrick and apparatus were being used in the ordinary and in a proper way, *prima facie* established negligence, although it appears, from such casual observations as had been made, that no defectiveness or insecurity of the roof or its fastenings had been observed, but it also appears that no recent inspection had been made for the direct purpose of ascertaining whether the derrick was in a safe condition.

ID.—SAFE APPLIANCES FOR EMPLOYEE—DUTY OF EMPLOYER TO MAINTAIN.—The employer was not excused by the mere fact that the derrick had been constructed in the usual manner and presumably once was in safe condition; his duty was to use due care to main-

tain that safe condition and guard against the wear and tear of use or of time alone.

ID.—EVIDENCE—SUFFICIENCY TO SUSTAIN RECOVERY BY EMPLOYEE FOR PERSONAL INJURIES.—The evidence in this case tends to show that the plaintiff fell from his place on the walking-beam by reason of being struck by the falling roof; that the roof fell by reason of some defect in its fastening, the exact nature of which defect is not explained; that under the circumstances shown the jury were justified in finding that the plaintiff received his injuries by reason of negligence of the defendant, as charged in the complaint, and without negligence on the part of the plaintiff or his coemployees.

APPEAL from an order of the Superior Court of Kern County granting a motion for a new trial. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Matthew S. Platz, and R. H. Wilson, for Appellant.

Henry Ach, Geo. E. Whitaker, T. E. Pawlicki, Hunsaker & Britt, and Rowen Irwin, for Respondent.

CONREY, P. J.—Appeal from an order granting defendant's motion for a new trial. On the twenty-second day of February, 1908, and for some time prior thereto, the plaintiff was in the employ of the defendant at its oil wells in Kern County, and was working in the capacity of a well puller. On the day above mentioned, and while engaged in the pulling of a certain well of the defendant, it was, as the evidence shows, necessary for the plaintiff to stand on a walking-beam within a derrick and connected with the machinery then being used by the plaintiff and other men so engaged. While plaintiff was so standing on said walking-beam the roof of said derrick fell and at the same moment the plaintiff fell from the walking-beam and received the injuries of which he complains. The complaint alleges that the roof, by reason of its imperfection, defectiveness, unsafeness, and inadequacy of construction, became loose, unfastened, caved in, and suddenly and without warning fell and in so falling struck the plaintiff with such force that it knocked him off from said walking-beam and thereby caused said injury. It is further alleged, that plaintiff had no

warning, notice, or knowledge of the unsafeness or danger-
ous condition of said roof prior to the falling and caving
in of the same. The answer of the defendant denies said
alleged facts with reference to the condition of the roof and
the cause of falling thereof, and denies that it struck plain-
tiff with such force that it knocked him off from said walking-
beam or caused him to fall; and denies that plaintiff had no
warning or notice or knowledge of such alleged conditions.
The answer further alleges that plaintiff's injuries, if any,
were caused entirely by and through the negligence of plain-
tiff in performing the duties of his said employment; and
further separately alleges, as an additional separate defense,
that plaintiff's injuries, if any, were caused by and through
the negligence of plaintiff's fellow-servants and coemployees.

Judgment having been entered on a verdict in favor of
plaintiff, and the defendant having moved for a new trial
upon grounds including those which are to be discussed
herein, the superior court made its order granting said mo-
tion for a new trial. In said order it was specified that the
motion was granted solely on account of error of the court
in giving certain instructions noted as plaintiff's instruc-
tions 6, 7, 9, and 14. These instructions are as follows:

"6. The court instructs you that the plaintiff cannot be
deemed to have been in fault because he failed to take pre-
caution that he did not know to be necessary as a reasonably
prudent and observing man; and he cannot be denied a re-
covery on the ground of contributory negligence unless you
believe from the evidence he knew or ought to have known
the defective and dangerous condition of the roof, rendering
his act an imprudent one, considered in the light of his
duties as a well puller being engaged in those duties at the
time of the injury."

"7. Contributory negligence is not established unless you
find plaintiff was chargeable with a knowledge, or ought to
have known not only of the defective conditions, but also of
the dangers of those conditions, and this conclusion is to be
drawn in the light of the duties of plaintiff, his opportunities
of observation, time for observation and capacity for under-
standing the peril."

"9. You are instructed that in case you find the defect in
the condition of the roof was concealed, or if the plaintiff

had nothing to do with its construction, and from the character of his employment was not presumed to know of its defective condition, then he cannot be charged with knowledge of the existence of such defects simply because he was required to work near such defective roof."

"14. If you believe from the evidence that plaintiff sustained injury from a fall from the walking-beam at this well, by reason of the collapse of the roof over the same, knocking him off, or causing him to fall while the plaintiff was in the discharge of his duties as a well puller, and that such duties had nothing to do with the construction or repair of said roof, then the burden of proof is on the defendant to show that the plaintiff knew or ought to have known of such defect in the roof and the danger because of such defect."

In granting the motion for a new trial the superior court held that it had erred in that in said four instructions it had assumed the defective construction and dangerous condition of the roof and had thereby invaded the province of the jury. The instructions are to be considered in the light of the fact that they were given as a statement of the law governing contributory negligence, and that they would not be applicable to the case unless the evidence established that the defendant was negligent. Since the said four instructions do not in any of their terms directly state as a fact that the roof was in a defective or dangerous condition, we may look to the other instructions to see whether these assumptions of which the defendant complains did in reality amount to an instruction that the condition of the roof was defective or dangerous. The court told the jury in other instructions that before the plaintiff can recover he must show that the derrick or the roof thereof was defective and unsafe; and also must show that he did not have the means of knowing the defect, *if any existed*, as did the defendant. Also the court stated to the jury that, unless the jury found that the plaintiff had a preponderance of the evidence in support of the fact that the defendant was guilty of negligence in the manner charged in the complaint, and that such negligence was the proximate or direct cause of plaintiff's injury in question, the plaintiff could not recover; also that "if the derrick was reasonably suitable and safe for that work at the time of the accident, then your verdict should be for the defendant."

The four instructions first above mentioned would have been much improved as to clearness of statement if in each instance of reference to a defective condition of the roof, there had been a phrase with conditional words qualifying the reference made. But the absence of such phrases does not necessarily turn the instructions into instructions charging the jury with respect to matters of fact. As they do not directly affirm that the condition of the roof was defective or dangerous, they may be construed in harmony with the other instructions which clearly leave these facts to be determined by the jury.

Plaintiff's instruction 7 declares that the question as to plaintiff's alleged contributory negligence must be determined "in the light of . . . his . . . capacity for understanding the peril." Defendant claims that this instruction is erroneous because defendant had a right to presume that the plaintiff was a person of normal capacity for understanding and appreciating dangers. It is true the respondent was entitled to such presumption under the facts shown in this case, and also that the evidence shows without conflict that at the time of the accident the plaintiff was in good health and that "his general faculties as to memory and otherwise were excellent." But this fact so shown destroys the force of the objection made to the instruction. In connection with such established fact, it was no more than a statement that the question whether plaintiff ought to have known of the defective conditions must be considered in the light of his excellent mental capacity. It is not easy to see that the defendant suffered any injury by virtue of this alleged error.

It is contended on behalf of defendant that instruction 2 given by the court is erroneous because it tells the jury that if they find certain facts, then the plaintiff is entitled to a verdict; and that the court thus instructed in favor of the plaintiff regardless of whether the defendant knew or ought to have known of the unsafe and dangerous condition of the roof, and also regardless of the fact as to whether plaintiff did not have the same means of knowledge of the defect, if any existed, as did the defendant. It is further claimed that the instruction is erroneous because in conflict with instruction No. 4, which was a full statement, including these

23 Cal. App.—42

elements omitted from instruction 2. We are of opinion that instruction 2 is aided, rather than destroyed, by instruction 4. A similar situation with regard to instructions was under review in *Stephenson* v. *Southern Pacific Co.*, 102 Cal. 143, [34 Pac. 618, 36 Pac. 407]. There the court instructed that if the jury believed certain facts their verdict should be for the plaintiff, and omitted to include the question of contributory negligence on the part of the plaintiff. In response to the claim that the judgment should be reversed for this reason, the court pointed out that other instructions given in the case fully stated the law as to contributory negligence. "It is sufficient to say that the rule is well settled here that instructions are to be read and considered as a whole, and the fact that, when taken separately, some of them may fail to enunciate in precise terms, and with legal accuracy, propositions of law does not necessarily render them erroneous. It is sufficient if all the instructions taken together, and not being inconsistent with each other or confusing, shall give to the jury a fair and just notion of the law upon the point discussed. (Citing cases.) Tested by this rule, we do not think the particular instruction complained of could possibly have misled the jury." The foregoing decision is approved in *Henderson* v. *Los Angeles Traction Co.*, 150 Cal. 689, [89 Pac. 966], wherein at page 699, the rule is clearly re-stated. The distinction between these decisions and cases where a conflict in the instructions constitutes reversible error is pointed out in *Parkin* v. *Grayson-Owen Co.*, 157 Cal. 41, 49, [106 Pac. 210]. See, also, *Rathbun* v. *White*, 157 Cal. 249, 253, [107 Pac. 309].

The respondent further contends that the order granting a new trial should be sustained upon the ground that the evidence is without conflict upon the subject of defendant's negligence and wholly fails to prove any negligence on the part of defendant. Respondent claims that there is no evidence to show that the roof of the derrick struck the plaintiff, or that the roof was imperfect, unsafe, or of faulty construction, or that it fell by reason of any such faulty construction, or that the imperfection and defectiveness of the roof were caused by or due to the negligence of the defendant. The argument is that the testimony merely proves that

the roof fell and that the plaintiff at the same time fell and was injured.

It is true that no one has directly testified that the roof struck the plaintiff. According to his own testimony, plaintiff does not remember anything about the accident, or even the fact of his having been there when it occurred. He does remember that prior to that time he was working for the defendant in the well-pulling gang. The most important element in his claim for damages consists in the injury to his head and the impairment of his mental faculties. The two other men who were present when the plaintiff was injured were so occupied at the moment of the accident that they did not actually see the roof fall. Hearing an unusual noise, they glanced upward and saw the plaintiff falling from the beam. After taking care of him, they found that a corner of the roof had fallen down and was lying on the beam where the plaintiff had stood. The facts shown with respect to the condition of the roof and derrick, as found immediately after the accident, indicate that there was no breaking of any timbers, but that the roof fell because of the giving way of certain nails driven through the end of the ridge pole and into the derrick timbers. There is no direct evidence as to whether the nails gave way by reason of their insufficient holding capacity at the time, or by reason of some pushing or pulling force. The derrick was several years old at that time. Mr. Tooker, who testified as a witness for defendant, was foreman for the defendant in that oil field and had been foreman there for eight or nine months. He says that during that period of time he had been in and around well No. 12, at which this accident happened, and as such foreman was inspecting the property to see that it was in proper condition. He does not know the exact condition of that derrick and that rig on that day. It does not appear that he ever made any particular inspection of that derrick or roof, and the time of any inspection that he made is not fixed, except that it was sometime within the eight or nine months that he had been so employed. He says that if there was any defect or imperfection in the derrick or in the roof, he did not know anything about it. The witnesses Starkey and Senter, who were working with plaintiff at the time of the accident, say that if they or the plaintiff had discovered

any defects which in their opinion rendered the derrick unsafe, it was a part of their duty to report that matter to the defendant. The evidence also shows that the plaintiff was employed merely as a well puller. The witnesses do not testify that it was his duty or a part of his employment to make inspections for the purpose of discovering defects in the derrick. Mr. Tooker, the foreman, says that on this occasion, on the twenty-second day of February, the men were not directed to do any repair work; that they did not go to that well with directions from him to do anything aside from pulling that well. Tooker also testified: "The only repairs that I had ever made on the derrick were in regard to the engine and the running repairs in the jack post. I believe I patched the walking-beam at one time. I do not know anything about any repairs being made to this roof at any time. This well was pumped ever since it was completed; ever since it was drilled and brought in, something like seven or eight years before this accident."

Counsel for the defendant, in support of their claim that the facts shown by the evidence in this case are not sufficient to support the plaintiff's cause of action, refer to a number of decisions where it has been held that the mere happening of an accident and injury to an employee does not raise any presumption that the employer is guilty of actionable negligence. Most of these cases relate to accidents caused by the breaking or faulty operation of appliances furnished for use in the employee's task. Others relate to accident caused by an unsafe condition of the place in which the employee was directed to work. The case at bar belongs to the latter class. The two principal cases of this class in California, to which our attention has been referred by the respondent, are *Thompson* v. *California Construction Co.,* 148 Cal. 35, [82 Pac. 367], and *Pre* v. *Standard Portland Cement Co.,* 9 Cal. App. 591, [100 Pac. 122]. In the first of these two cases the plaintiff was injured by a sliding rock on a hillside where he was engaged in moving rock and earth. In the other of these two cases the plaintiff was injured by the caving down upon him of a heated pile of clinkers which it was his business to remove from the place where they were stored. It was held in these cases that where the dangers complained of may to some extent arise from the changed conditions

made by the servant himself in the progress of the work, he is under as much obligation as is the master to be on the lookout for such dangers. There being no evidence of negligence of the defendant other than that the rock slipped down in the one case, and that the clinkers caved down in the other, it was held that the mere happening of the accident was not *prima facie* evidence of neglect on the part of the master.

But even where the relation of the parties is that of employer and employee, it is not the universal rule that the happening of the accident is not itself a circumstance tending to show negligence on the part of the defendant. In *Madden* v. *Occidental etc. Co.*, 86 Cal. 445, [25 Pac. 5], although the decision of the supreme court in that particular case was in favor of the defendant, the court took occasion to say: "It may be that in some cases it would be sufficient to prove that an accident occured, in order to establish .a *prima facie* case of negligence, and cast upon the defendant the burden of explaining away the inference resulting from such proof; and it may be conceded that such would have been the case here, if it had been shown that the sling was being properly used by the coemployees of the deceased, and in the ordinary way." The court quoted *Griffin* v. *Boston etc. R. R. Co.*, 148 Mass. 143, [12 Am. St. Rep. 526, 1 L. R. A. 698, 19 N. E. 166], thus: "No general rule can be laid down that the mere occurrence of an accident is or is not sufficient proof of actionable negligence; for each case must depend upon its own circumstances."

In the case at bar the evidence indicates that the derrick and machinery were being used by the plaintiff and his coemployees in the ordinary and proper way; and there is no evidence to the contrary.

While it is true that from such casual observations as were made no defectiveness or insecurity of the roof or its fastenings had been observed, it also appears that no recent inspection had been made for the direct purpose of ascertaining whether the derrick was in a safe condition. The defendant is not excused by the mere fact that the derrick had been constructed in the usual manner and presumably once was in safe condition. Its duty was to use due care to maintain that safe condition. It is no answer to a charge of negligence to say that four years ago I constructed that appliance, and

it was then in perfect condition. The wear and tear of use, or of time alone, should be guarded against by the exercise of some degree of care upon the part of the employer." (*Russell* v. *Pacific Can Co.*, 116 Cal. 527, 531, [48 Pac. 616]. See, also, *Jager* v. *California Bridge Co.*, 104 Cal. 542, [38 Pac. 413].)

The principle here relied on by the defendant is expressed in the maxim *res ipsa loquitur.* In Labatt on Master and Servant (2d ed.), section 1601, page 4864, the author says: "The rationale of this doctrine is that, in some cases the very nature of the action may, of itself, and through the presumption it carries, supply the requisite proof. It is applicable where, under the circumstances shown, the accident presumably would not have happened if due care had been exercised. Its essential import is that, on the facts proved, the plaintiff has made out a *prima facie* case, without direct proof of negligence." In *Mulcairns* v. *City of Janesville,* 67 Wis. 24, [29 N. W. 565], it was shown that an employee of the city was killed by the unexplained falling of the wall of a cistern. The city was constructing the cistern and the deceased had been ordered to work near the base of said wall. The court held that the falling of this wall of its own weight or by the pressure of gravel and earth behind it, placed there by the city, was *prima facie* evidence of the negligence of the city. "Why did it fall? If it had been properly constructed, it is common observation, and within the common course of things, that it would not have fallen; therefore it was not properly constructed; and it was negligently constructed, because by the exercise of ordinary care and prudence, such a wall would have been so constructed that it would not have fallen, but would have stood alone. The city, in such a case, may well be called upon to explain the reason why; for the knowledge of the manner of the construction of its work is peculiarly in the city and its agent, for they constructed the wall. The city must, by proof, repel and overcome this natural presumption." In *Solarz* v. *Manhattan Ry. Co.,* 8 Misc. Rep. 656, [29 N. Y. Supp. 1123] affirmed, 11 Misc. Rep. 715, [32 N Y. Supp. 1149] and 155 N. Y. 645; [49 N. E. 1104]), where a laborer was injured by the breaking of a scaffold board, it was held that the fact that the scaffold gave way was *prima facie* evidence

of negligence. After citing other decisions, the court said: "Upon these authorities, the unexplained breaking down of the scaffold made out a case sufficiently strong to go to the jury on the subject of negligence."

It is our opinion that the evidence in this case, and to which we have referred, tends to show that the plaintiff fell from his place on the walking beam by reason of being struck by the falling roof; that the roof fell by reason of some defect in its fastening, the exact nature of which defect is not explained; that under the circumstances shown the jury had a right to find that the plaintiff received his injuries by reason of negligence of the defendant, as charged in the complaint, and without negligence on the part of plaintiff or his coemployees.

The order granting a new trial herein is reversed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 27, 1914; and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 6, 1914.